MAHOE, Administrator, *vs.* KAOHIMAUNU.

EXCEPTIONS FROM FOURTH CIRCUIT COURT.

HEARING, APRIL 1, 1891.   DECISION, APRIL 16, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

In an action for the recovery of specific chattels, the jury rendered a verdict awarding an article which had not been claimed :

Held, that the plaintiff could not refuse to allow the error to be corrected and demand a new trial, and that it was within the province of the Court to order the verdict to be amended.

Exceptions overruled.

OPINION OF THE COURT, BY McCULLY, J.

The plaintiff brought his action before the Police Court of Lihue, in statute form, for the recovery of certain specified articles of property held by the defendant, which he claimed were of the estate of his intestate. The case came up by appeal before a jury in the Circuit Court of the Fourth Judicial Circuit, which rendered a verdict in the plaintiff's favor for certain of the items claimed, and also for " the balance of the money

of the deceased, held by the defendant, thirty-nine dollars," an item which had not been declared upon by the plaintiff. It was not in the nature of damages. It appears that some witness had irrelevantly testified that at the death of the intestate forty-nine dollars had been found in his chest, of which ten dollars had been taken to pay funeral expenses, upon which the jury thought fit to award this balance to the plaintiff. It was mainly on the ground of this error in the verdict that the plaintiff demanded a new trial, and excepts to the ruling of the Court denying it. He contends that it is solely within the right of the plaintiff to file a *remittitur*, and that the Court cannot order one.

But this is not the case of a jury giving excessive damages, unsupported by the evidence, where a verdict might be conditionally ordered to be set aside unless the plaintiff shall file a *remittitur* of a certain amount, nor is it even the case of a verdict for an amount in excess of the declaration, but it is an award for something the plaintiff did not ask for. It is a simple blunder of the jury.

Now with what reason can the plaintiff ask for a new trial on this ground, the verdict being legal in other respects ? It cannot be said that it is his right to have a new trial in order that he may take his chance to recover more of the items which were sued for. The reasonable method of dealing with such a verdict is that the Court should have ordered it to be corrected to conform with the declaration, in order " to make the record speak a language explicitly which is conformable to its true construction if no *remittitur* were entered." " It is the duty of the clerk at *nisi prius*, if the jury by mistake find a verdict for greater damages, to enter it by the amount laid in the declaration merely." 1 Arch. Prac., 197. It was error to enter the verdict as it was rendered ; and we are of opinion that the Circuit Court may at its ensuing term correct its records by an amendment in accordance with the pleadings, by striking out the finding for thirty-nine dollars. And it is so ordered.

*A. Rosa*, for plaintiff.

*W. O. Smith*, for defendant.